IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                             ORDER

           Plaintiff,

                          05-cr-52-bbc
                          07-cv-466-bbc

      v.

RICHARD WURZINGER,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Richard Wurzinger has filed a Motion to Modify or Amend Judgment and a Motion for Judicial Notice, both dated August 27, 2009.  As I have explained to defendant in a previous order, any motion for reconsideration of his sentence must be filed as a motion pursuant to 28 U.S.C. § 2255.  Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion.  Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that

1

controls." Id. (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996)).

Section 2255 prohibits a defendant from filing a second or successive motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  This motion is defendant's third attempt  (which tends to explain his effort to avoid labeling it as a § 2255 motion).  He filed a motion pursuant to § 2255 on August 20, 2007; that motion was denied in its entirety on October 12, 2007.  Defendant appealed and on January 7, 2009, the court of appeals dismissed the appeal.  On August 21, 2009, defendant filed a letter which I construed as motion pursuant to § 2255 and denied because defendant had not obtained certification from the court of appeals for a second motion.  Defendant's latest motions are the third attempt to reconsider his sentence.  As before, this court lacks authority to consider the claims raised in his motions without certification by the court of appeals.


ORDER

IT IS ORDERED that defendant's Motion to Modify and Amend Judgment (dkt. 3) and Motion for Judicial Notice (dkt. 4) are construed as motions to vacate or modify a sentence brought pursuant to 28 U.S.C. § 2255 and are DISMISSED because this court

2

lacks the authority to entertain them.

Entered this 14th day of September, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge